IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOSEF S. FRASER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-939-B-BN |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Yosef S. Fraser has filed this *pro se* action against the Commissioner of Social Security, alleging discrimination on the basis of marital status, age, and disability. *See* Dkt. No. 7. The Court has granted Fraser leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 4 & 5. And this matter has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action under 28 U.S.C. § 1915(e)(2)(B). Because Fraser already has been afforded the opportunity to amend his complaint – to allege his best case – and in light of the reasons supporting summary dismissal discussed below, this dismissal should be with prejudice.

**Applicable Background**

Fraser's initial complaint, docketed on April 5, 2016, merely consisted either of

documents that appear to have been filed first in the Sherman Division of the Eastern District of Texas, *see* Dkt. No. 2 at 2-5 (referencing "Case No. 4:16cv49"), or of a March 23, 2015 opinion of the U.S. District Court for the District of Arizona, reversing a decision of an administrative law judge ("ALJ"), denying Fraser benefits, and remanding that matter for further proceedings, *see id.* at 6-24. A notice of deficiency was entered on April 13, 2016, *see* Dkt. No. 6, and Fraser responded by filing a completed form civil complaint – as opposed to filing the form complaint for the appeal of a social security decision – in which he specified the bases for his claim that he has been discriminated against by the Commissioner of Social Security, *see* Dkt. No. 7.

Fraser contends that the case filed in this Court is to "address his concerns of discrimination," while "[t]he suit [that he] filed in the Sherman Division [of the Eastern District of Texas] is a result of [his] lack of confidence in the SSA." *Id.* at 2.

He asserts first that the Commissioner discriminated against him "on the basis of marital status" –

> Knowing the results of the Federal review of the SSA. And the numerous unfavorable decisions made by the SSA. I have been discriminated against because my children were greatly prejudiced for many years. Depriving my family and I of collective securities necessary to be productive in society.

*Id.* at 3.

He asserts next that he was discriminated against "on the basis of age," because when he applied for benefits, he "was not told [that he] needed a lawyer." *Id.* at 4 ("I provided documents supporting my work history but my documents were given 'little

probative value.' This was vital for the record, also adding that the records was not complete.").

His final basis for alleging discrimination is disability –

> The ALJs failed to provide legal reasons for rejecting the medical evidence. And did not [cite] any contradicting medical evidence, also ALJs did not give weight to my [testimony]. At least from 2/9/10 with disregard for my greater level of disability the ALJs continued to rule against my favor. It is now 15 months since the review was completed. I am still without any of the collective securities under SSA. It has never been a secret that I have been homeless since 2011 yet the Social Security Administration has used my being transient to support its failure to Act.

*Id.*

Fraser specifically requests that this Court "modify the [Commissioner's] decision and grant monthly maximum insurance benefits to the plaintiff retroactive to the date of initial disability." *Id.* at 8.

Since filing an amended complaint, he also has filed a Request for Emergency Summary Judgment, *see* Dkt. No. 8, and he has requested a hearing on that filing and submitted evidence, ostensibly in support of his request for summary judgment, *see* Dkt. Nos. 9 & 10.

## Legal Standards

A district court may summarily dismiss a complaint filed IFP if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

**Analysis**

Fraser's various complaints concerning the Commissioner's adjudication of his application(s) for Social Security benefits fail to plausibly allege that he has been discriminated against on the basis of either his marital status, his age, or his disability. Alternatively, as pled in the amended complaint, Fraser cannot state a claim against the Commissioner of Social Security – the sole defendant – for alleged constitutional violations.

While the Fifth Amendment to the United States Constitution may lack an Equal Protection Clause, the United States Supreme Court "has consistently held" that the Due Process Clause in that Amendment "contains an equal protection component,

which prohibits the United States from discriminating between individuals or groups." *Mance v. Holder*, 74 F. Supp. 3d 795, 813 (N.D. Tex. 2015) (citing *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)); *see also Inclusive Communities Project, Inc. v. U.S. Dep't of Treasury*, No. 3:14-cv-3013-D, 2015 WL 4629635, at *5 n.2 (N.D. Tex. Aug. 4, 2015) ("'The Fifth Amendment ... does not contain an equal protection clause as does the Fourteenth Amendment which applies only to the states.' It is more precise to refer to the equal protection 'component' of the Due Process Clause of the Fifth Amendment." (respectively quoting *Bolling*, 347 U.S. at 499; *Iqbal*, 556 U.S. at 675)).

Regardless, the "treatment of equal protection claims premised on the Fifth Amendment is the same as those posed under the Fourteenth Amendment." *Winger v. Barnhart*, 320 F. Supp. 2d 741, 746 (C.D. Ill. 2004) (citing *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975)). Fundamentally, such claims stem from a violation of the directive "that persons similarly situated should be treated alike." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

> [For example, t]o state a claim under the Equal Protection Clause, a ... plaintiff must either allege that (a) "a state actor intentionally discriminated against [him] because of membership in a protected class[,]" *Williams*, 180 F.3d at 705 (citation omitted), or (b) he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

*Gibson v. Tex. Dep't of Ins. – Div. of Worker's Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal citation modified).

Here, Fraser has failed to allege that his membership in a protected class – including a class based on age or disability – caused the alleged discrimination. And he has failed to allege that he has been treated differently from others similarly situated for no rational reason. *See Taylor v. County of San Bernardino*, No. EDCV 09-1829-MMM (MAN), 2012 WL 4372293, at *4 (C.D. Cal. Mar. 20, 2012) (in which the court rejected an allegation that an ALJ's decision was racially discriminatory, and began by noting that, for equal protection claims, "[t]he threshold allegation is that plaintiff was similarly situated to other persons who received different treatment" (citing *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993))); *cf. Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F. Supp. 3d 681, 703 (N.D. Tex. 2014) ("[T]he complaint contains no factual allegation that supports a showing that Dr. Vicioso discriminated against Shah based on his ethnicity. Shah relies on nothing more than a conclusory allegation that is insufficient to overcome qualified immunity."); *Hickman v. Mercado*, No. 4:13-cv-797-O, 2014 WL 66778, at *7 (N.D. Tex. Jan. 8, 2014) ("Hickman has not alleged a violation of her equal protection rights because she has not alleged that she has been treated differently because of some personal or class characteristic such as race or religion, and on each of her three bases for her equal protection claim, she has not shown that she was treated differently than a similarly situated inmate who suffered from the same medical conditions." (collected cases omitted)).

Instead, Fraser alleges that the denial of benefits has prejudiced him and his children, and he challenges decisions made by ALJs – challenges which more appropriately belong in an action seeking judicial review of a final adverse decision of

the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). But Fraser makes clear that this action is not such an action. *See* Dkt. No. 7 at 2.

Further, to the extent that Fraser has sued the Commissioner in her official capacity – as he makes no allegations that she individually has harmed him, *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam) (because, in this circuit, "[a] person's capacity need not be pled except to the extent to show jurisdiction of the court," "[t]he allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action"(citing FED. R. CIV. P. 9(a)) – "a civil rights action against the United States is barred by sovereign immunity," and an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),"only supports a claim against government officers in their individual capacities," *Thomas v. Colvin*, Civ. A. No. 15-0026, 2016 WL 1020749, at *8 (W.D. La. Feb. 2, 2016), *rec. accepted*, 2016 WL 1057455 (W.D. La. Mar. 14, 2016) (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)); *see also Quansah v. Comm'r, Soc. Sec. & Disability Admin.*, No. 5:13-cv-05940 EJD, 2014 WL 2214035, at *4 (N.D. Cal. May 28, 2014) (A *Bivens* action"may not lie for administrative violations of the Social Security Act because 'Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration.'" (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423-25 (1988))).

Finally, even if his claims were alleged against the Commissioner individually,

Fraser's claims, "while resting on constitutional grounds, are nonetheless 'inextricably intertwined' with [his] request for" Social Security benefits, *see* Dkt. No. 7 at 8, such that Fraser may not pursue his claims initially in a lawsuit in this Court; instead, his claims "'should be channeled first into the administrative process which Congress has provided,'" *Trulife Healthcare, Inc. v. Burwell*, No. 3:14-cv-875-D, 2014 WL 4988347, at *3 (N.D. Tex. Oct. 6, 2014) (quoting *Heckler v. Ringer*, 466 U.S. 602, 614 (1984)).[1]

**Recommendation**

The Court should summarily dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2)(B), and Fraser's pending motions should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

---

[1] *See also Chamberlain v. Barnhart*, 382 F. Supp. 2d 867, 872-73 (E.D. Tex. 2005) ("the Commissioner may waive exhaustion of administrative remedies," and "[a]bsent the Commissioner's waiver, the court may find that exhaustion of administrative remedies is not necessary when (a) a constitutional claim presented on appeal is collateral to a substantive claim of entitlement to benefits, or the claim (b) demonstrates that erroneous denial of relief sought will cause irreparable harm, and (c) demonstrates that exhaustion of administrative remedies is futile," but "[t]he court's discretion to find waiver of exhaustion is limited" – "[t]he claim cannot be collateral so as to invoke waiver of exhaustion if the court must make a factual determination based on an administrative inquiry," and "if the agency's wrongful decision can be rectified with retroactive payments, the claim presents no danger of irreparable harm or futile pursuit of administrative remedies" (citing *Mathews v. Eldridge*, 424 U.S. 319, 328, 330-32 (1976); *Affiliated Prof'l Home Health*, 164 F.3d at 286)); *accord Mack v. Astrue*, Civ. A. No. 09-3337, 2010 WL 2218239, at *4-*5 (S.D. Tex. May 14, 2010), *rec. accepted*, 2010 WL 2218227 (S.D. Tex. June 2, 2010).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 9, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE